UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---

FORD MOTOR CREDIT COMPANY LLC,

       Plaintiff,

v.

WEST COAST VAN RENTAL, INC., and ROBERT J. MCCARTHY,

       Defendants.

**COMPLAINT**

Civil Action No.:

---

Plaintiff Ford Motor Credit Company LLC ("Ford Credit"), by and through its counsel, McDonald Toole Wiggins, P.A., for its complaint against defendants West Coast Van Rental, Inc. ("West Coast" or "Dealer") and Robert J. McCarthy ("Mr. McCarthy" and together with West Coast, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. Ford Credit brings this action to: (a) recover indebtedness that West Coast owes to Ford Credit, and (b) enforce the personal guaranty made to Ford Credit by Mr. McCarthy and recover damages based upon his breach of that guaranty.

2. West Coast was engaged in the business of leasing vehicles, some of which were financed through Ford Credit pursuant to a Master Loan and Security Agreement (the "Master Loan Agreement").

3. To induce Ford Credit to extend this financing, Mr. McCarthy executed a Continuing Guaranty (the "Guaranty").

4. In 2019, West Coast defaulted on its obligations under the Master Loan Agreement, which resulted in a deficiency owed to Ford Credit of $112,917.92.

5. West Coast has refused to pay that deficiency, as required by the Master Loan Agreement, in spite of Ford Credit's demand that it do so.

6. Mr. McCarthy has refused to pay the deficiency, as required by the Guaranty, in spite of Ford Credit's demand that he do so.

7. Ford Credit, therefore, seeks damages resulting from Defendants' breaches of the Master Loan Agreement and the Guaranty, together with an award of interest, costs, expenses, and attorney's fees.

## PARTIES

8. Plaintiff Ford Credit is a Delaware limited liability company, with its principal place of business at One American Road, Dearborn, Michigan 48126. On or about April 20, 2007, Ford Motor Credit Company converted from a Delaware corporation to a Delaware limited liability company pursuant to sections 228 and 226 of the Delaware General Corporation Law. This conversion was effective on May 1, 2007, and pursuant to the relevant statutes, Ford Motor Credit Company LLC is deemed the same entity as Ford Motor Credit Company by operation of law.

9. Ford Credit's only member is Ford Holdings LLC, which is a Delaware limited liability company with its principal place of business at One American Road, Dearborn Michigan.

10. Ford Holdings LLC's only member is Ford Motor Company, which is a Delaware corporation with its principal place of business at One American Road, Dearborn, Michigan.

11. Accordingly, for jurisdictional purposes, Ford Credit is a citizen of Delaware and Michigan.

12. West Coast is a Florida corporation, with its principal place of business at 13694 Roosevelt Boulevard, Clearwater, Florida 33762.

13. Accordingly, for jurisdictional purposes, West Coast is a citizen of Florida, and is subject to personal jurisdiction in Florida.

14. Defendant Robert J. McCarthy is an individual, domiciled at 250 Dr. Martin Luther King Street, Safety Harbor, Florida 34695.

15. Accordingly, for jurisdictional purposes, Mr. McCarthy is a citizen of Florida, and is subject to personal jurisdiction in Florida.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

17. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims in this action occurred in the District.

## THE AGREEMENTS BETWEEN WEST COAST AND FORD CREDIT

18. On or about May 29, 2012, West Coast executed and delivered to Ford Credit a Master Loan Agreement. A copy of the Master Loan Agreement is attached as Exhibit A, and is incorporated by reference.

19. Under the terms of the Master Loan Agreement, Ford Credit provided loans (the "Loans") to West Coast to purchase vehicles (the "Vehicles") for short-term leases or rentals to third parties (the "Leases"). In exchange, West Coast agreed to repay

the total principal balance of each loan, along with interest on the outstanding balance, on terms set forth in a loan supplement (a "Loan Supplement"). Ex. A ¶ 2(a)-(c).

20. As specified in the Loan Supplements, the interest rate for each Loan was comprised of a fixed rate set when the Loan was originated (the "Fixed Rate") plus the 30-day London Interbank Offered Rate ("LIBOR") for each month the principal balance of the Loan was outstanding. The applicable Fixed Rates for the Loans made to West Coast ranged from 3.6% to 4.1%. *Id.* ¶ 2(b).

21. In the Master Loan Agreement, and in consideration of Ford Credit's agreement to finance West Coast's acquisition of the Vehicles, West Coast granted Ford Credit a security interest in: (i) the Vehicles "and other goods which are inventory or equipment" financed by Ford Credit (together the "Property"); (ii) "the Leases and all accounts, chattel paper, general intangibles, contract rights and supporting obligations" relating thereto; (iii) "all proceeds of the foregoing, including without limitation, rentals due under the Leases, proceeds of sale, exchange or other disposition of the Property, and any insurance proceeds of Property, or any part thereof, by whomsoever obtained;" and (iv) "all monies or credits relating to the Property due to Borrower from any manufacturer, dealer or distributor of the Property" (collectively the "Collateral"). *Id.* ¶¶ 1(a), 4(a).

22. The Master Loan Agreement also required West Coast to "receive and hold in trust all proceeds of the Collateral and the Leases" for Ford Credit and to "immediately pay to [Ford Credit] such proceeds." *Id.* ¶ 4(b).

23. The Master Loan Agreement defined event(s) of default as, among other things, West Coast's failure to make "due and punctual payment of all or any portion"

of the amount due "when it becomes due and payable" when such failure continues for "ten (10) days after written notice thereof." *Id.* ¶ 7(a)(i).

24. Upon default, Ford Credit was entitled to accelerate any or all of any unpaid balance and take immediate possession of all property in which it had a security interest. *Id.* ¶ 7(b).

## THE GUARANTY

25. On or about February 3, 2012, Mr. McCarthy executed and delivered to Ford Credit a Guaranty. A copy of the Guaranty is attached as Exhibit B, and is incorporated by reference.

26. Under the Guaranty, Mr. McCarthy guaranteed that West Coast would "fully, promptly, and faithfully perform, pay and discharge all Dealer's present and future obligations" to Ford Credit and agreed, without Ford Credit first having to proceed against Dealer, "to pay on demand all sums due and to become due" to Ford Credit from Dealer and "all losses, costs, attorney's fees or expenses" which Ford Credit "may suffer by reason of Dealer's default. . . ." *Id.*

27. Mr. McCarthy also agreed "to be bound by and on demand to pay any deficiency established by a sale of paper or security held with or without notice," "together with a reasonable attorney's fee (15% if permitted by law) if placed with an attorney for collection from us." *Id.*

28. Mr. McCarthy further agreed to "waive all setoffs and counterclaims." *Id.*

29. The Guaranty was, and is, a guaranty of payment, not collection.

## DEFAULT BY WEST COAST

30. In August 2019, Ford Credit, consistent with its rights under the Master Loan Agreement, notified West Coast that it was required to invest additional capital in its business and make interest and other payments each month to continue to receive financing from Ford Credit.

31. West Coast failed to invest the additional capital or make the payments as required.

32. In September 2019, West Coast failed to make the payments required by the Master Loan Agreement and defaulted under that agreement.

33. Ford Credit subsequently took steps to protect and sell the remaining Collateral.

34. After the application of the proceeds received from the sale of the Collateral to the indebtedness owed by West Coast to Ford Credit, a substantial deficiency remained.

35. The amount owed to Ford Credit, as of June 23, 2020, totaled $112,917.92. Interest on amounts due to Ford Credit has continued to accrue since that date.

## FORD CREDIT'S DEMANDS AND THE AMOUNT NOW DUE

36. By letter dated September 16, 2019, Ford Credit notified West Coast that it was in default, and demanded payment of the then-current past due amount. A copy of Ford Credit's letter is attached as Exhibit C.

37. By letter dated June 23, 2020, Ford Credit notified Mr. McCarthy that West Coast was in default, and demanded payment of the then-current past due amount. A

copy of Ford Credit's letter is attached as Exhibit D. Ford Credit made its demand "without prejudice to any other amounts now or hereafter owing" to Ford Credit. *Id.*

38. In addition, Ford Credit has continued to accrue expenses, particularly legal expenses, which Ford Credit is also entitled to recover under the Master Loan Agreement and the Guaranty.

**FIRST CLAIM**
**(Breach of Contract – West Coast)**

39. Paragraphs 1 through 38 are realleged.

40. West Coast has failed to perform its obligations under the Master Loan Agreement by failing to make "due and punctual payment of all or any portion" of the amount due "when it becomes due and payable." Ex. A ¶ 7(a)(i).

41. Despite demands upon West Coast to cure its default, West Coast has not done so.

42. Failure to satisfy the outstanding obligations of West Coast under the Master Loan Agreement constitutes a breach of that agreement, and entitles Ford Credit to recover from Dealer as damages all amounts due, together with Ford Credit's actual attorneys' fees and other costs of collection.

43. The total amount owed to Ford Credit, as of June 23, 2020, not including contractual interest that has accrued since that date, is $112,917.92 (the "Indebtedness").

44. Interest continues to accrue on the principal amount of such Indebtedness.

45. Ford Credit has demanded that West Coast immediately pay all amounts it owes to Ford Credit.

46. West Coast has not paid the amounts owed, and has thereby breached – and is in default under – the Master Loan Agreement.

47. As a result, Ford Credit has been damaged in the amount of the Indebtedness.

48. Accordingly, West Coast is liable to Ford Credit for the Indebtedness, plus interest (which continues to accrue), as well as any additional expenses, costs, disbursements, and attorneys' fees Ford Credit has incurred, or will incur, in connection with its efforts to enforce the Master Loan Agreement, and collect the Indebtedness.

WHEREFORE, Ford Credit demands judgment:

(a) Awarding Ford Credit judgment against West Coast for $112,917.92, plus interest on that amount from June 23, 2020 to the entry of judgment at the applicable contractual rate for each Loan, as well as Ford Credit's costs, expenses, and attorneys' fees incurred as a result of West Coast's default and/or in connection with Ford Credit's enforcement of the Master Loan Agreement; and

(b) Granting Ford Credit such other or further relief as the Court may deem just and proper in the circumstances.

## SECOND CLAIM
**(Breach of Guaranty – Robert McCarthy)**

49. Ford Credit incorporates by reference paragraphs 1 through 48 above, as though fully set forth herein.

50. West Coast defaulted on its obligations to Ford Credit under the Master Loan Agreement as set forth above.

51. West Coast's indebtedness to Ford Credit under the Master Loan Agreement is now due and payable in full.

52. West Coast's indebtedness to Ford Credit under the Master Loan Agreement is an obligation of Mr. McCarthy under the Guaranty.

53. After sale of the Collateral, and application of the proceeds of the sale of the Collateral to reduce West Coast's indebtedness, a substantial deficiency remains.

54. That deficiency is an obligation of Mr. McCarthy under the Guaranty.

55. On June 23, 2020, Ford Credit made written demand on Mr. McCarthy to pay the balance of the indebtedness owed by West Coast, and to thereby satisfy the deficiency, but Mr. McCarthy has failed and refused to pay the amounts owed.

56. By failing and refusing to pay the amounts demanded by Ford Credit, Mr. McCarthy breached the Guaranty.

57. Accordingly, Mr. McCarthy owes Ford Credit $112,917.92, plus interest and expenses accrued, including attorneys' fees incurred as a result of the defaults by Defendants, since June 23, 2020.

WHEREFORE, Ford Credit demands judgment:

(a) Awarding Ford Credit judgment against Mr. McCarthy for $112,917.92, plus interest on that amount from June 23, 2020 to the entry of judgment at the applicable contractual rate for each Loan, as well as Ford Credit's costs, expenses, and attorney's fees incurred as a result of West Coast's default and/or in connection with Ford Credit's enforcement of the Guaranty; and

(b) Granting Ford Credit such other or further relief as the Court may deem just and proper in the circumstances.

## JURY DEMAND

Ford Credit hereby demands a trial by jury on all issues so triable.

DATED: Orlando, Florida
December 11, 2020

        MCDONALD TOOLE WIGGINS, P.A.

        By: <u>Jessica M. Kennedy</u>
        Jessica M. Kennedy, Esq.
        111 N. Magnolia Avenue, Suite 1200
        Orlando, Florida 32801
        (407) 246-1800

        PHILLIPS LYTLE LLP
        Craig A. Leslie, Esq.
        Tracy L. Edwards, Esq.
        One Canalside
        125 Main Street
        Buffalo, New York 14203
        (716) 847-8400
        *Pro hac vice application forthcoming*

        *Counsel for Plaintiff*
        *Ford Motor Credit Company LLC*